**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-5098**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RODRIGUEZ CLINTONIAN GRIER,

        Defendant – Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:99-cr-00161-FDW-1)

─────────

Submitted:  February 2, 2011     Decided:  February 17, 2011

─────────

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Tony E. Rollman, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Edward R. Ryan, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodriguez Clintonian Grier appeals the district court's judgment revoking his supervised release and sentencing him to twelve months and one day of imprisonment followed by four years of supervised release. Grier's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in considering hearsay evidence during the revocation of supervised release hearing. Grier was notified of his right to file a pro se supplemental brief but has not done so. The Government declined to file a brief. We affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Johnson v. United States, 529 U.S. 694, 700 (2000). The factual determinations informing the district court's conclusion that a violation occurred are reviewed for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). A district court's evidentiary rulings are reviewed for abuse of discretion and harmless error.

2

United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010).

A defendant at a supervised release hearing is afforded a limited right "to confront and cross-examine adverse witnesses." Morissey v. Brewer, 408 U.S. 471, 489 (1972). The defendant must, pursuant to Federal Rule of Criminal Procedure 32.1, have the opportunity at a revocation hearing "to question any adverse witness, unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). Under this rule, "the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine witnesses" and should "balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." Fed. R. Crim. P. 32.1 advisory committee's note (2002).

Here, the district court admitted over objection certain hearsay evidence concerning Grier's behavior at a halfway house. In doing so, the district court failed to assess, under Rule 32.1(b)(2)(C), whether admission of the evidence was in the interest of justice. However, our review of the record convinces us that admission of the hearsay evidence for the purposes of assessing whether Grier committed the charged violations was harmless. The district court had ample

3

grounds for revoking Grier's supervised release, including Grier's own admissions and violations directly observed by the probation officer, who did testify and was available for cross-examination. Furthermore, admission of hearsay evidence for sentencing purposes is not improper and, in any event, the district court's thorough explanation for the sentence it imposed did not reference the disputed evidence. Accordingly, we find no reversible error.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4